UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | NO. CR-07-2042-WFN-7 |
| -vs- ) | ORDER |
| ROSALIO MANUEL SANCHEZ, ) | |
| Defendant. ) | |

Pending before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, presented by Mr. Sanchez *pro se*. The Court has reviewed the file and the Motion and is fully informed. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

On April 10, 2007, Mr. Sanchez was indicted for conspiracy to distribute several controlled substances and distribution of 50 grams or more of actual methamphetamine. During the Government's case in chief, the Government presented testimony from Adrian Muniz. Defense counsel, Timothy Cotterell, cross-examined Mr. Muniz. Following the close of the Government's case, Mr. Sanchez's counsel, Timothy Cotterell successfully argued that the Government failed to present sufficient evidence to support the conspiracy charge. The Court dismissed Count 1. A jury found Mr. Sanchez guilty of Count 7. On September 5, 2008, he was sentenced to 135 months imprisonment and five years supervised release. Mr. Sanchez appealed arguing that this Court erred by failing to hold an evidentiary hearing on the circumstances related to the search and seizure of Mr. Sanchez's property. The Ninth Circuit affirmed the District Court.

ORDER - 1

## II. ANALYSIS

"To earn the right to a hearing . . . [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir 1998), quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates." Rule 8, RULES--SECTION 2255 PROCEEDINGS (West 2006). Mr. Sanchez's sole argument is based on his allegation that his counsel's failure to investigate caused him to be improperly convicted. Specifically, Mr. Sanchez argues that Mr. Muniz would have provided exculpatory information. Mr. Muniz testified at trial regarding the exact issues that Mr. Sanchez discusses, so the record is complete and an evidentiary hearing is unnecessary.

To gain relief, Movant must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Sanchez established that he satisfies the first two prongs.

Mr. Sanchez argues he meets the third prong because due to his counsel's failure to investigate, he was convicted when he was actually innocent. In order to prevail on his ineffective assistance claim, Mr. Sanchez must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. A lawyer who fails to adequately investigate and introduce into evidence records that demonstrate his client's factual innocence, or that raise sufficient doubts as to that question to undermine confidence in the verdict, renders deficient performance." *Hart v. Gomez,* 174 F.3d 1067,

1090 (9th Cir. 1999). However, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 490 U.S. at 690-91. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689 (internal citations omitted). In order to show prejudice, Mr. Sanchez must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

Mr. Sanchez's assertion, that had Mr. Cotterell interviewed Mr. Muniz he would have gleaned information that would have proved Mr. Sanchez's innocence, is contradicted by Mr. Muniz's trial testimony. Even if Mr. Cotterell had interviewed Mr. Muniz, there is no reason to believe that Mr. Muniz's answers would have been any different than they were while he was under oath at trial. Though normally factual assertions must be tested at an evidentiary hearing, since Mr. Muniz addressed the exact issues at trial, under oath, and while his memory was fresh, there is no need to have Mr. Muniz re-testify. In cross examination, Mr. Cotterell clearly attempted to validate Mr. Sanchez's version of events, i.e., that Mr. Sanchez was unaware of the methamphetamine deal until after the fact. Mr. Muniz plainly stated in response to Mr. Cotterell's questioning that Mr. Sanchez was aware of the methamphetamine prior to the deal because Mr. Muniz had told him about it in the car. No amount of investigation prior to the trial would undo the fact that Mr. Muniz indicated that Mr. Sanchez was aware of the methamphetamine deal prior to the actual transaction.

Mr Cotterell's actions were not deficient; nor can Mr. Sanchez prove prejudice. Mr. Cotterell made a reasonable choice to not attempt to interview a co-defendant prior to trial, but instead cross-examined the co-defendant based on his client's assertions. Unfortunately, Mr. Muniz's testimony did not conform with Mr. Sanchez's expectations. Thus, even had Mr. Cotterell been deficient in not interviewing Mr. Muniz, Mr.

ORDER - 3

Sanchez cannot prove prejudice because Mr. Muniz's statements implicated rather than exculpated Mr. Sanchez.

Mr. Sanchez's claim cannot meet the standard under a § 2255 Motion. Thus, Movant's Motion must be denied.

### III. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion that the Movant has failed to make a substantial showing of a denial of a constitutional right. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that Mr. Sanchez's Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255, filed August 5, 2010, **Ct. Rec. 726**, is **DENIED WITH PREJUDICE**.

The District Court Executive is directed to:

- File this Order and provide copies to counsel;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **CV-10-3054-WFN**.

**DATED** this 7th day of September, 2010.

            s/ Wm. Fremming Nielsen
            WM. FREMMING NIELSEN
09-01       SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4